IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARK P. PELLETIER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., an Illinois corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND FOR AWARD OF ATTORNEYS' FEES AND GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL EXHIBITS<br><br><br>Case No. 2:10-CV-1185 TS |

This matter is before the Court on Plaintiff's Motion for Remand and for Award of Attorneys' Fees and Defendant's Motion for Leave to File Supplemental Exhibits in Support of its Memorandum in Opposition to Plaintiff's Motion to Remand. For the reasons discussed below, the Court will grant Defendant's Motion for Leave to File and will deny Plaintiff's Motion for Remand, as well as his request for attorneys' fees.

## I. BACKGROUND

Plaintiff filed his Complaint in state court on October 13, 2010. In his Complaint, Plaintiff alleges he is insured under a policy with Defendant State Farm. "Under the terms of the Policy, Plaintiff is entitled to $125,000 in underinsurance coverage."[1] Plaintiff alleges that he was injured after being struck by a vehicle and that Defendant has wrongfully denied him coverage under the policy. Plaintiff alleges that he has incurred more than $20,000 in medical expenses and has suffered lost wages of at least $15,000. In addition, Plaintiff seeks damages for future medical expenses, permanent injuries, pain and suffering, and emotional distress. Plaintiff brings claims for breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment. Plaintiff's prayer for relief does not request a specific dollar amount, but merely requests damages in an amount to be proven at trial.

Defendant removed this action to this Court on December 2, 2010, pursuant to 28 U.S.C. §§ 1441 and 1446.[2] Defendant argues that removal is proper because this Court has diversity jurisdiction. Diversity jurisdiction under 28 U.S.C. § 1332(a) requires diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs. Here, there is no dispute that the parties are diverse. The only issue to be determined in this Motion is whether the amount in controversy exceeds $75,000.

---

[1] Docket No. 1, Ex. A, ¶ 7.

[2] Docket No. 1.

## II. DISCUSSION

A.     MOTION FOR LEAVE TO FILE SUPPLEMENTAL EXHIBITS

The first issue to be determined is Defendant's Motion for Leave to File Supplemental Exhibits. Defendant seeks leave to file addition documents in support of its opposition to Plaintiff's Motion to Remand. The documents Defendant seeks to file include statements from Plaintiff's counsel concerning settlement offers and include an estimation of the value of Plaintiff's claims. As will be discussed below, such documents are highly relevant to determining the amount in controversy.

Plaintiff objects, arguing that Defendant has failed to show good cause for filing the documents late. The Court disagrees. Defendant clearly states that these documents were not in the possession of Defendant's counsel at the time the Memorandum in Opposition to the Motion to Remand was filed.

Plaintiff also argues that Defendant cannot rely on these documents because they were not included in the Notice of Removal. The Court agrees that the materials should have been included in the Notice of Removal. However, as will be discussed in more detail below, the Court can rely on a number of things in determining the amount in controversy and the Tenth Circuit has specifically stated that the Court may consider "other evidence submitted in federal court" after removal[3] and may even allow limited discovery on the issue of the amount in controversy.[4] Further, the Supreme Court has directed that "it is proper to treat the removal

---

[3] *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008).

[4] *Id.* at 954.

petition as if it had been amended to include relevant information contained in" later filed materials.[5] Additionally, the Court may allow amendment of pleadings to show jurisdiction.[6] Therefore, the Court will permit Defendant to file the supplemental exhibits and will consider those exhibits in determining the amount in controversy.[7]

B.    MOTION TO REMAND AND FOR AWARD OF ATTORNEYS' FEES

The issue presented in Plaintiff's Motion to Remand is whether the amount in controversy exceeds $75,000. Plaintiff argues that his Complaint does not contain any specific allegation with respect to the amount of damages he seeks and, therefore, Defendant has failed to meet its burden that removal is proper.

"When, as here, the plaintiff's damages are unspecified, courts generally require that a defendant establish the jurisdictional amount by a preponderance of the evidence."[8] The Tenth Circuit has clarified that "[t]he 'preponderance of the evidence' standard applies to jurisdiction facts, not jurisdiction itself."[9] "[W]hat the proponent of jurisdiction must 'prove' is contested factual assertions . . . [j]urisdiction itself is a legal conclusion, a *consequence* of facts rather than

---

[5] *Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969).

[6] 28 U.S.C. § 1653.

[7] *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002) (holding that district court did not err in construing opposition to motion to remand and attachments thereto as amendment to notice of removal).

[8] *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

[9] *McPhail*, 529 F.3d at 954.

4

a provable 'fact.'"[10] "[O]nce those underlying facts are proven, a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake. If the amount is uncertain then there is potential controversy, which is to say that at least $75,000 is in controversy in the case."[11] The Tenth Circuit has made clear that "a plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount. This would allow frustration of the purpose of diversity jurisdiction, which is, after all, to protect the out-of-state defendant."[12]

With this in mind, the Court turns to those items which may be considered in order to establish the amount in controversy. "First, the defendant may rely on an estimate of the potential damages from the allegations in the complaint."[13] "Second, beyond the complaint itself, other documentation can provide the basis for determining the amount in controversy—either interrogatories obtained in state court before removal was filed, or affidavits or other evidence submitted in federal court afterward."[14] Furthermore, a plaintiff's proposed settlement amount "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."[15]

---

[10]*Id*. (quotation marks and citations omitted) (alterations in original).

[11]*Id*.

[12]*Id*. at 955.

[13]*Id*.

[14]*Id*. at 956.

[15]*Id*. (quoting *Cohn*, 281 F.3d at 840).

As set forth above, Plaintiff does not request any specific amount in damages in his Complaint. Rather, Plaintiff has stated that, under the insurance policy, he is entitled to $125,000 in underinsurance coverage. Plaintiff further alleges that he has incurred more than $20,000 in medical expenses and has suffered lost wages of at least $15,000. In addition, Plaintiff seeks damages for future medical expenses, permanent injuries, pain and suffering, and emotional distress. Defendant has also provided the Court with four letters from Plaintiff's counsel. In each of these letters, Plaintiff's counsel offers to settle Plaintiff's claim for at least $100,000[16] and in one letter values Plaintiff's claim to be at least $400,000.[17] From these items, the Court finds that Defendant has presented sufficient facts from which the Court finds, by a preponderance of the evidence, that the amount in controversy is in excess of $75,000.

Once Defendant has proven this, the matter stays in federal court unless it is legally certain that less than $75,000 is at stake. Here, Plaintiff has refused to state that his claim is worth less than $75,000. Rather, he has merely declined to allege a particular amount. As stated above, this is insufficient to avoid diversity jurisdiction. Therefore, the Court finds that the amount in controversy is greater than $75,000 and this Court has jurisdiction over this matter. Therefore, Plaintiff's Motion to Remand, as well as his request for attorneys' fees, must be denied.

---

[16]Docket No. 14, Ex. 1-4.

[17]*Id*. Ex. 2.

## III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Remand and for Award of Attorneys' Fees (Docket No. 7) is DENIED. It is further

ORDERED that Defendant's Motion for Leave to File Supplemental Exhibits in Support of its Memorandum in Opposition to Plaintiff's Motion to Remand (Docket No. 13) is GRANTED.

The hearing set for March 4, 2011, is STRICKEN.

DATED   February 25, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge