_____

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DIVISION, DISTRICT OF UTAH
_____

| | | |
|---|---|---|
| **MARK PELLETIER, an individual**, | : | Civil No. 2:10-cv-1185 |
| Plaintiff, | : | **RULING & ORDER** |
| vs. | : | **DISTRICT COURT JUDGE TED STEWART** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation,** | : | **MAGISTRATE JUDGE BROOKE C. WELLS** |
| Defendants. | | |

_____

Currently before the Court, is Plaintiff Mark Pelletier's "Motion For Protective Order."[1] As is typical in motion practice, defendant State Farm Mutual Automobile Insurance Company ("State Farm") filed its opposition,[2] and Mr. Pelletier filed his reply memorandum thereto.[3] However, attached to plaintiff's reply memorandum was a "revised" protective order that appears significantly different from the original proposed protective order, at issue in the underlying motion.[4] As a result of the attachment,

---

[1] Document Number 25.

[2] Document Number 28.

[3] Document Number 29.

[4] Document Number 29-4.

State Farm filed an "Objection To Plaintiff's Reply Memorandum In Support Of Motion For Protective Order" arguing it had not had the opportunity to brief or discuss the revised order with plaintiff's counsel.[5] In response, plaintiff filed a "Motion To Strike" asserting that defendant's objection should be stricken as a sur-reply brief filed without leave of the Court.[6]

Federal Rule of Civil Procedure 26(c)(1) states:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . .The motion must include a *certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.*

(Emphasis Added). In his motion for protective order, Mr. Pelletier "certifies" that he has conferred or attempted to confer with defendant in good faith.[7] The Court, however, concludes that further discussions amongst the parties are warranted and hereby orders that the parties now do so.

The filing of a significantly altered protective order as an attachment to the reply brief, does not create an opportunity, consistent with Rule 26, in which the parties may confer and have a meaningful discussion of disputed issues. Throughout its briefing, plaintiff indicates that he is "more than willing to modify and/or amend the proposed protective order to address any reasonable concerns raised by Defendant."[8] To that

---

[5] Document Number 31.

[6] Document Number 33.

[7] Document Number 26, pg. 2.

[8] Document Number 26, pg. 4.

end, the Court is anticipative that the parties will resolve this issue absent judicial intervention. However, the time to engage in discussions and provide amended orders addressing relevant concerns, is prior to filing a motion for protective order---not during the course thereof.

For these reasons, the Court hereby denies plaintiff's Motion To Strike and Orders the parties to in good faith confer on plaintiff's revised protective order or any acceptable amendment thereto. If within twenty (20) days of the date of this order, or sooner if so agreed, the parties are unable to reach an agreement on the matter, Mr. Pelletier may re-new his motion for protective order. The Court requests the parties advise it of any resolution reached prior to such date.

DATED this 27th day of June, 2011.

BY THE COURT:

*Brooke C. Wells*

Brooke C. Wells
United States Magistrate Judge